[Cite as *State v. Anderson*, 2025-Ohio-629.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 31182 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EMERSON M. ANDERSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 05 08 3053 |

DECISION AND JOURNAL ENTRY

Dated: February 26, 2025

SUTTON, Judge.

**{¶1}** Defendant-Appellant Emerson Anderson appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court reverses and remands for the trial court to determine if Mr. Anderson satisfied the jurisdictional requirements in R.C. 2953.23(A)(1)(a) and (b), or if the untimely and successive petition for postconviction relief should be dismissed for lack of jurisdiction.

I.

**Relevant Background Information**

**{¶2}** In 2006, a jury returned guilty verdicts against Mr. Anderson on four counts of rape, three counts of gross sexual imposition, and one count of menacing by stalking. At sentencing, the trial court merged the three counts of gross sexual imposition into the four counts of rape. Mr. Anderson was sentenced to mandatory life prison terms on all four counts of rape and a one-year prison term for the menacing by stalking conviction. Mr. Anderson was also classified as a child-

victim predator. Mr. Anderson's total prison sentence was three life terms with eligibility for parole after 30 years.

{¶3} Mr. Anderson appealed his convictions raising two assignments of error for this Court's review. *See State v. Anderson*, 2007-Ohio-147 (9th Dist.) ("*Anderson I*"). In determining Mr. Anderson's convictions were supported by sufficient evidence and not against the manifest weight of the evidence, this Court affirmed the jury verdict. *Anderson* at ¶ 34. Mr. Anderson then filed a petition for postconviction relief, arguing ineffective assistance of counsel regarding the filing of a speedy trial waiver, which was denied by the trial court. Mr. Anderson filed a notice of appeal to this Court in Case No. 23604, and his appeal was dismissed for failure to file a brief.

{¶4} On March 20, 2024, Mr. Anderson filed his most recent petition for postconviction relief, pursuant to R.C. 2953.21, seeking an evidentiary hearing. In his petition for postconviction relief, Mr. Anderson argued he was entitled to relief based upon a claim of ineffective assistance of trial counsel because he was unaware a speedy trial waiver was filed in this case, and he was unavoidably prevented from discovery of the facts supporting his petition. Specifically, Mr. Anderson admitted to filing his petition "well after the [] time limit prescribed in [R.C. 2953.21][,]" but indicated he could not have discovered the evidence sooner by exercising reasonable due diligence because: (1) the evidence is not in the record; (2) his trial and appellate attorneys did not keep him informed of the status of his case "or advise him of anything he could do to help himself legally[;]" (3) court records/documents were falsified, destroyed, and/or denied to him upon request; and (4) he cannot afford an attorney or investigator, has limited access to records, and is ignorant of the law and legal procedure.

{¶5} The State opposed the petition for postconviction relief arguing it is untimely and should be dismissed because Mr. Anderson did not satisfy the jurisdictional requirements in R.C.

2953.23(A)(1)(a) and (b). Specifically, the State noted the speedy trial waiver was apparent from the record at the time of Mr. Anderson's direct appeal as it was filed and journalized on October 6, 2005. For this reason, the State argued Mr. Anderson did not prove he was unavoidably prevented from discovering the facts relied upon in his untimely petition for postconviction relief. The State, therefore, contended the trial court is without jurisdiction to consider Mr. Anderson's untimely petition for postconviction relief and it must be dismissed. The State also suggested that, even if the trial court had jurisdiction to consider Mr. Anderson's untimely petition for postconviction relief, Mr. Anderson's claims are barred by the doctrine of res judicata because they could have been raised in his direct appeal.

{¶6} In dismissing Mr. Anderson's petition for postconviction relief without a hearing, the trial court did not address whether Mr. Anderson satisfied the jurisdictional requirements in R.C. 2953.23(A)(1)(a) and (b). Instead, the trial court stated: "[b]efore addressing [Mr. Anderson's] arguments related to [R.C. 2953.21], this [c]ourt must first address the issue of *res judicata*." (Italics in original.) The trial court then denied Mr. Anderson's petition for postconviction relief, and granted the State's motion to dismiss, on the basis of res judicata alone.

{¶7} Mr. Anderson appeals, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. ANDERSON] AND ABUSED ITS DISCRETION BY DENYING [MR. ANDERSON] RELIEF AND DISMISSING [MR. ANDERSON'S] R.C. 2953.21(A) PETITION WITHOUT AN EVIDENTIARY HEARING.**

{¶8} In his sole assignment of error, Mr. Anderson argues the trial court erred in dismissing his petition for postconviction relief without a hearing.

{¶9}    R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. Mr. Anderson's most recent petition for postconviction relief was filed approximately 17 years after the transcript was filed in his direct appeal.  Thus, Mr. Anderson's petition for postconviction relief is untimely. Further, because Mr. Anderson has filed more than one petition for postconviction relief, his petition is also successive.

{¶10}    "A petitioner . . . who files a petition more than 365 days after the trial transcript was filed in the court of appeals in his direct appeal . . . must satisfy the jurisdictional requirements in R.C. 2953.23(A)(1) or (2) for an untimely, second, or successive petition for postconviction relief." *State v. Hatton*, 2022-Ohio-3991, ¶ 37, citing *State v. Bethel*, 2022-Ohio-783, ¶ 20.  *See also State v. Apanovitch*, 2018-Ohio-4744, ¶ 22. Pursuant to R.C. 2953.23(A)(1), a trial court may only entertain an untimely or successive petition for postconviction relief when both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

When the requirements of R.C. 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition. *See Apanovitch* at ¶ 36. Indeed, "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Id*.

{¶11} Here, the trial court did not first determine whether Mr. Anderson satisfied the jurisdictional requirements in R.C. 2953.23(A)(1)(a) and (b) prior to considering the untimely and successive petition for postconviction relief on the merits. As indicated above, if Mr. Anderson satisfied R.C. 2953.23(A)(1)(a) and (b), the trial court would have jurisdiction to consider whether Mr. Anderson's claims are barred by the doctrine of res judicata. However, if Mr. Anderson failed to satisfy R.C. 2953.23(A)(1)(a) and (b), the trial court would be deprived of jurisdiction to entertain the untimely and successive petition and must dismiss the same.

{¶12} Accordingly, Mr. Anderson's sole assignment of error is sustained to the extent the trial court erred in addressing the merits of the petition without first determining that Mr. Anderson satisfied the statutory requirements for an untimely and successive petition. The judgment of the trial court is reversed and remanded for the trial court, in the first instance, to determine if Mr. Anderson satisfied the jurisdictional requirements in R.C. 2953.23(A)(1)(a) and (b), or if the untimely and successive petition for postconviction relief should be dismissed for lack of jurisdiction.

III.

{¶13} Mr. Anderson's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed and
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT


FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.


APPEARANCES:

EMERSON M. ANDERSON, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.