**[Cite as *State v. Anderson*, 2025-Ohio-5399.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     31497 |
|---|---|
|     Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EMERSON ANDERSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|     Appellant | CASE No.     CR-2005-08-3053 |

DECISION AND JOURNAL ENTRY

Dated: December 3, 2025

---

SUTTON, Judge.

{¶1} Defendant-Appellant Emerson Anderson appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This matter is before us after remand to the Summit County Court of Common Pleas, in *State v. Anderson*, 2025-Ohio-629 (9th Dist.), to determine, in the first instance, if Mr. Anderson satisfied the jurisdictional requirements set forth in R.C. 2953.23(A)(1)(a) and (b), or if his untimely and successive petition for postconviction relief should be dismissed for lack of jurisdiction. *Id*. at ¶ 12.

{¶3} Upon remand from this Court, the Summit County Court of Common Pleas determined it did not have jurisdiction to consider Mr. Anderson's untimely and successive

petition for postconviction relief because Mr. Anderson failed to meet the jurisdictional requirements set forth in R.C. 2953.23(A)(1). The trial court explained, in relevant part:

> In the instant matter, the [c]ourt finds [Mr.] Anderson has failed to meet the jurisdictional requirements of R.C. 2953.23(A)(1) for the [c]ourt to consider his untimely and successive application for post-conviction relief. Specifically, [Mr.] Anderson has failed to show he was unavoidably prevented from discovery of the facts upon which his [s]econd [p]etition relies, and he does not claim the United States Supreme Court has recognized a new State or Federal right which applies retroactively. [Mr.] Anderson's [s]econd [p]etition raises claims which are nearly identical to the claims he filed in his first petition in 2006 regarding issues with the request for a continuance that was granted by the trial court and whether his trial counsel was ineffective.

> The [c]ourt finds information regarding these claims was available to [Mr.] Anderson during the course of his trial and at the time of the filing of his first petition for post-conviction relief. The [c]ourt further finds [Mr.] Anderson has not demonstrated he was unavoidably prevented from discovering the facts regarding his claims or that subsequent to the period prescribed in R.C. 2953.21(A)(2), the United States Supreme Court created a new Federal or State right which would apply retroactively to him. Because [Mr.] Anderson does not meet the first prong of subsection (A)(1), his petition was not timely filed pursuant to R.C. 2953.21(A)(2) and R.C. 2953.23(A) and also successive. Therefore, this [c]ourt is without jurisdiction to consider [Mr.] Anderson's [s]econd [p]etition for post-conviction relief.

{¶4}    Mr. Anderson appeals raising a sole assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. ANDERSON] AND ABUSED ITS DISCRETION IN DENYING [MR. ANDERSON] AN EVIDENTIARY HEARING ON THE MERITS OF THE CLAIM RAISED IN [MR. ANDERSON'S] [R.C. 2953.21(A) PETITION TO VACATE CONVICTION AND SENTENCE.**

{¶5}    In his sole assignment of error, Mr. Anderson argues the trial court erred in dismissing his petition for postconviction relief without a hearing.

{¶6}    R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal

is taken, within 365 days of the expiration of the time for filing an appeal. Mr. Anderson's most recent petition for postconviction relief was filed approximately 17 years after the transcript was filed in his direct appeal. Thus, Mr. Anderson's petition for postconviction relief is untimely. Further, because Mr. Anderson filed more than one petition for postconviction relief, his petition is also successive.

{¶7} "A petitioner . . . who files a petition more than 365 days after the trial transcript was filed in the court of appeals in his direct appeal or who files a successive petition must satisfy the jurisdictional requirements in R.C. 2953.23(A)(1) or (2) for an untimely, second, or successive petition for postconviction relief." *State v. Hatton*, 2022-Ohio-3991, ¶ 37, citing *State v. Bethel*, 2022-Ohio-783, ¶ 20. *See also State v. Apanovitch*, 2018-Ohio-4744, ¶ 22. Pursuant to R.C. 2953.23(A)(1), a trial court may only entertain an untimely or successive petition for postconviction relief when both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

When the requirements of R.C. 2953.23(A)(1) have not been met, a trial court cannot consider an untimely or successive petition. *See Apanovitch* at ¶ 36. Indeed, "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Id*.

{¶8} Here, in his untimely and successive petition for postconviction relief, Mr. Anderson has not demonstrated the jurisdictional requirements set forth in R.C. 2953.23(A)(1)(a).

Although Mr. Anderson claims he was unavoidably prevented from discovering facts regarding the continuance of a preliminary hearing and waiver of speedy trial rights in 2005, as well as the alleged deficient performance of his trial counsel in 2005-2006, Mr. Anderson has not demonstrated *how* he was unavoidably prevented from discovering these facts in time for his direct appeal in 2006, or his first petition for postconviction relief in 2006. Indeed, Mr. Anderson either had knowledge of the facts argued in his petition at the time of his direct appeal or the opportunity to discover these facts at that time. Further, Mr. Anderson does not allege the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation to excuse his untimely and successive petition for postconviction relief. As such, the trial court properly determined it is without jurisdiction to consider Mr. Anderson's untimely and successive petition for postconviction relief.

{¶9} Accordingly, Mr. Anderson's sole assignment of error is overruled.

III.

{¶10} Mr. Anderson's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT


FLAGG LANZINGER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

EMERSON ANDERSON, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JAMIE L. MORRIS, Assistant Prosecuting Attorney, for Appellee.